UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

   Petitioner,

   v.         CAUSE NO.: 3:19-CV-197-JD-MGG

WARDEN,

   Respondent.

OPINION AND ORDER

   Tavares J. Browning, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 18-02-0210) where a Disciplinary Hearing Officer (DHO) found him guilty of Impairment of Surveillance in violation of Indiana Department of Correction (IDOC) offense B-209. (ECF 1 at 1.) As a result, he was sanctioned with the loss of 30 days earned credit time. Browning argues that he is entitled to habeas corpus relief because the charge was not supported by sufficient evidence.

   When prisoners lose earned credit time in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

Browning argues that the DHO did not have sufficient evidence to find him guilty because there was no evidence at all. He argues that a description of the curtain was not provided, he was not shown the curtain, and the precise location of the curtain was not identified. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Browning as follows:

> While conducting the 9:15pm security walk of the West side of D Cell House on Friday, February 16, 2018 I, Officer A. Bauer, warned all offenders that curtains, including buckets and plastic on bars, needed to be removed. When I returned for the 10:15pm walk I found that Offender Browning (DOC #932308) still had a curtain in his cell (DCH 214)[.]

(ECF 1-1 at 1.) Browning was charged and found guilty of violating IDOC offense B-209, which prohibits "[u]sing curtains, coverings or any other matter or object in an

2

unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room or which obstructs or otherwise impairs any viewing panel or surveillance equipment, either audio or visual within the facility, including blocking staff's view down a range.." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The DHO had sufficient evidence to find Browning guilty of impairing surveillance because the Conduct Report contained sufficient information to find him guilty. In it, Officer Bauer included a detailed explanation of providing Browning with a warning that all curtains, including buckets and plastic on bars, needed to be removed. Officer Bauer then indicated that, an hour later, Browning still had a curtain in his cell, identified as Cell DCH 214. It was not arbitrary for the DHO to conclude that Browning had a curtain in his cell that impaired surveillance in violation of IDOC offense B-209 in light of this report. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the DHO's finding that Browning was guilty is supported by some evidence and is not a basis for granting habeas relief.

If Browning wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (ECF 1) is DENIED. The clerk is DIRECTED to enter judgment and close this case. Tavares S. Browning is DENIED leave to proceed in forma pauperis on appeal.

SO ORDERED on April 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT